UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: Nestor Trujillo and
Cheryl Lynn Trujillo,

    Debtors.

---

ALBERT H. MICKLER and
BRYAN K. MICKLER,

    Appellants,

v.                                        Case No. 3:12-cv-645-J-12
                                           Case No. 3:09-bk-04774-JAF
                                           Adv. Pro. No. 3:12-ap-00034-KSJ

CHERYL LYNN TRUJILLO,

    Appellee.

---

### OPINION AND ORDER

This case presents an appeal pursuant to 28 U.S.C. § 158(a) and Fed.R.Bankr.P. 8001, from a final order of the United States Bankruptcy Court for the Middle District of Florida. On April 2, 2012, the Bankruptcy Court issued an oral ruling denying Appellants' motion to dismiss an adversary proceeding, construing Appellee's response to the motion to dismiss as a motion to abstain and to remand, and remanding the adversary proceeding to state court. Doc. 2-3. On April 9, 2012, the Bankruptcy Court entered its Order Denying Defendants' [Appellants'] Motion to Dismiss and Treating Plaintiff's [Appellee's] Response to Motion to Dismiss as Motion to Abstain and to Remand (Doc. 1-5 ), memorializing its oral ruling.[1] For the reasons set forth below, the Court will adopt and affirm the Order of

---

[1] Throughout this Opinion and Order, the Court will refer to the Bankruptcy Court's oral ruling and written order (Docs.2-3 and 1-5) collectively as the Order of the Bankruptcy Court.

the Bankruptcy Court and direct that the adversary proceeding be remanded to state court.

## FACTS AND PROCEDURAL HISTORY

This appeal arises in the factual context of the Chapter 11 bankruptcy case of Appellee, Cheryl Lynn Trujillo, and her husband.[2] Appellants are attorneys who were appointed by the Bankruptcy Court to represent the Trujillo bankruptcy estate.

After the reorganization plan was confirmed, Appellee sued Appellants in state court for negligence arising from an alleged promise made to assist her by "taking care of" criminal worthless check charges she faced which were based upon a pre-petition insufficient funds check. See Complaint, Doc. 1-3 at 13-15. Appellee's Complaint is essentially one for legal malpractice related to Appellants' alleged agreement to represent her on the criminal worthless check charges. Appellants removed the state negligence/legal malpractice suit to this Court where it was referred to the Bankruptcy Court. See Notice of Removal, Doc. 2-1 at 7-18 and Order, Doc. 2-1 at 4-5.

Appellants sought dismissal of Appellee's Complaint, considered as an adversary proceeding in the Bankruptcy Court.[3] The Bankruptcy Court found that Appellee's Complaint was not due to be dismissed for failure to state a cause of action[4] and that there was no basis for jurisdiction in the Bankruptcy Court. In finding no basis for jurisdiction, the Bankruptcy Court found that either discretionary or mandatory abstention from exercise of

---

[2] Appellee's Chapter 11 bankruptcy case has been converted to a Chapter 7 case (see Doc. 21).

[3] The Court refers to Appellee's Complaint and the adversary proceeding interchangeably.

[4] This aspect of the Bankruptcy Court's Order has not been appealed.

jurisdiction was appropriate under 28 U.S.C. §§ 157 and 1334(c)(1) or (2), because Appellee's claim arose under state law, and although some defenses may have interconnection with bankruptcy proceedings, "it [the adversary proceeding] is not driven by bankruptcy law, it is driven by state court negligence claim of action [sic], stating a classical legal malpractice claim against the Debtor's [Appellee's] former bankruptcy lawyers." Doc. 2-3 at 14-15. The Bankruptcy Court found that the claim stated in Appellee's Complaint did not present a core proceeding, whether it was related or not to her bankruptcy reorganization, and that absent a tie to her Chapter 11 case there was no separate basis for jurisdiction under Stern v. Marshall. Id. at 15. The Bankruptcy Court also noted that it could not conduct a jury trial in the adversary proceeding. Id. Therefore, the Bankruptcy Court directed the adversary proceeding to be remanded to state court. Appellants then appealed that decision to this Court.

## STANDARD OF REVIEW AND ANALYSIS

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Industries, Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). This Court reviews de novo the legal conclusions of the Bankruptcy Court, In re JLJ, Inc., 988 F.2d 1112, 1113 (11th Cir. 1993), and accepts the Bankruptcy Court's findings of fact unless they are clearly erroneous, In re Goerg, 930 F.2d 1563, 1566 (11th Cir. 1991); Fed.R.Bankr.P. 8013. The issues presented in this appeal concern the Bankruptcy Court's application of law to undisputed facts.

The Court has carefully reviewed the submissions of the parties, as well as the applicable law, considered the argument of counsel presented at the oral argument held

on November 28, 2012, and reviewed the record on appeal. For the reasons set forth below, as well as for those set forth by the Bankruptcy Court, the Court will adopt and affirm the Bankruptcy Court's Order, and direct that Appellee's Complaint be remanded to state court.

Appellants assert that the Bankruptcy Court erred in remanding the adversary proceeding when it found that lacked subject matter jurisdiction, because the adversary proceeding was a core proceeding, or because it was subject to the public rights exception discussed in Stern v. Marshall, 131 S.Ct. 2594 (2011), which would allow the exercise of the Bankruptcy Court's jurisdiction.[5] Appellee's brief (Doc. 11 at 11-12) suggests that the issue of whether the Bankruptcy Court Order is a non-reviewable abstention is presented in this appeal, and at oral argument raised the issue of whether the Bankruptcy Court should have proposed findings of fact and conclusions of law to this Court, rather than enter a final order. The Court discusses each issue in turn.

---

[5] Appellants also assert as an issue on appeal whether the Bankruptcy Court erred in not finding that Appellee's negligence/legal malpractice claim was barred by res judicata because of her failure to raise it when she participated in the Bankruptcy Court hearing with regard to attorney compensation. Appellants contend that the subsequent award of compensation for Appellants' work in connection with the reorganization precluded such claim. Doc. 9 at 8, 30-32. However, Appellants never raised this issue in the Bankruptcy Court (see Motion to Dismiss Pursuant to Fed.R.Bankr.P. 7012(b)(6), Doc. 1-3 at 1-11, and Oral Ruling, Doc. 2-3), nor did they list it in their statement of Issues on Appeal (Doc. 1-9), so the Court need not address this issue on appeal.

Nevertheless, for the reasons stated herein, res judicata would not apply to bar Appellee's claim, because the alleged negligence/legal malpractice occurred with regard to purported representation in a separate criminal matter, not with regard to representation as to her bankruptcy proceedings. Cf. Grausz v. Englander, 321 F.3d 467 (4th Cir. 2003)(malpractice claim regarding attorney's handling of bankruptcy proceedings was a core proceeding that arose in the bankruptcy case because absent the bankruptcy proceedings it would have no practical existence).

## Whether the Adversary Proceeding Was a Core Proceeding

Appellants maintain that the negligence/legal malpractice lawsuit presented by Appellee's Complaint properly was removed from state court and referred to the Bankruptcy Court for disposition. They contend it constitutes a core proceeding over which the Bankruptcy Court should exercise jurisdiction because it concerns a matter arising as a direct consequence of her Chapter 11 reorganization, or is a matter arising in a case under Title 11 because the relationship between Appellee and Appellants was formed and governed pursuant to Title 11 and orders entered during the course of her bankruptcy case. Doc. 9 at 8. Their position is that Appellee's claim arose out of her bankruptcy, was derived from and dependant on bankruptcy law, or otherwise was related to it so that any agreement with regard to legal representation between the parties was governed by bankruptcy law and subject to adjudication by the Bankruptcy Court. In support of their position that the Bankruptcy Court erred in not exercising jurisdiction over the adversary proceeding, Appellants point to such matters as: 1) Appellee was required to and did in fact on several occasions seek Bankruptcy Court approval in order to hire an attorney; 2) Appellee's allegations arose in the course of her bankruptcy proceeding while Appellants were representing the bankruptcy estate, and as a result they would have been prohibited from representing her in a criminal matter; and 3) any proceeds from Appellee's lawsuit would become property of the bankruptcy estate.

Appellee's Complaint alleges that after receiving a deferred prosecution agreement for criminal worthless check charges from the State Attorney, Seventh Judicial Circuit, she was told by Appellant, Bryan K. Mickler, to bring the papers to a meeting of creditors on August 5, 2009, where she then was told by another attorney employed by Appellant,

5

Albert H. Mickler, that no action could be taken to collect money she owed because that money was included in her bankruptcy, that she should not pay anything, and that he would contact the State Attorney the next day to get the charges "taken care of." Complaint, Doc. 1-3 at 13-15. Appellee maintains that she relied on the representations made to her at the creditor's meeting, sent a note reminding Appellants and their employee to contact the State Attorney as promised, and so did nothing about the criminal charges. Id. She subsequently was arrested, convicted and sentenced on the criminal charges due to the alleged negligence of Appellants in failing to contact the State Attorney, in undertaking to represent her on the criminal charges "when they did not know how," and in failing to tell her either to hire a criminal lawyer or handle the charges herself. Id.

The Court concurs with and finds no error in the findings and conclusions of the Bankruptcy Court with regard to several key matters. First, Appellee's Complaint is one for negligence/legal malpractice related to Appellants' alleged agreement to undertake to represent her in a criminal matter. While the criminal matter and alleged representation agreement and negligence occurred during the time period when Appellee was involved in bankruptcy proceedings, with attorneys who were representing the bankruptcy estate, those criminal charges concerned a pre-petition insufficient funds check and were exempt from the automatic stay pursuant to 11 U.S.C. 362(b)(1). The Court cannot find that her allegations arose from the bankruptcy reorganization or have any bearing on or connection with her confirmed reorganization plan.

The Court also agrees with the Bankruptcy Court that "[t]he fact that the claim is property of the estate is not determinative, and the fact that the Defendants [Appellants] may have defenses that invoke interpretation of bankruptcy law, again is not determinative.

This is a separate claim Ms. Truhillo [sic] has against her former attorneys under Florida state law that has little or no relationship to the confirmed Chapter 11 proceeding." Doc. 2-3 at 15. Whether bankruptcy law would have permitted Appellants to represent Appellee in a criminal proceeding, or be referenced in presenting defenses or to establish the factual context of the allegations, bankruptcy law would not resolve the factual issues regarding whether Appellants undertook to represent her as alleged in a matter outside her bankrutpy case and then did so negligently as defined by Florida law, causing her damages.

Core proceedings are described in 28 U.S.C. § 157(b)(2), and generally concern the administration of the bankruptcy estate, management of claims and assets of the estate, and matters related to the reorganization plan. Proceedings arising in Title 11 have been defined as those that "are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside the bankruptcy." Grausz v. Englander, 321 F.3d 467 (4th Cir. 2003)(citation omitted).

The Court cannot find that the dispute with regard to Appellants' alleged agreement to represent Appellee in a criminal case was a core proceeding, arose out of the bankruptcy case, or was related in such a way as to require this Court to conclude that the Bankruptcy Court's finding of lack of jurisdiction was error. The criminal matter for which Appellee sought legal assistance is in no way dependent on or derived from the bankruptcy, which is why it was exempt from the automatic stay pursuant to 11 U.S.C. § 362(b)(1). A dispute does not arise out of or become related to a bankruptcy reorganization simply because it occurs during the time period of the reorganization, and involves a debtor and attorneys for the bankruptcy estate.

Put another way, while Appellee's relationship as a debtor to Appellants as attorneys for the bankruptcy estate may be defined and governed by bankruptcy law, Appellee's Complaint alleges that her bankruptcy attorneys negligently undertook to represent her in a separate criminal proceeding that had no connection to her reorganization case. That negligence/legal malpractice concerning a criminal matter exempted from the automatic stay allegedly was committed by attorneys for the bankruptcy estate during the time period when both parties were involved in bankruptcy proceedings does not transform the claim into a bankruptcy matter. Appellee's claim could exist whether she was involved with a bankruptcy proceeding or not. Her bankruptcy case provides a factual context for her claim, but is not derived from or dependent upon it.

For the reasons stated above, the Court cannot find that Appellee's negligence/legal malpractice claim falls into the statutory definition of a core proceeding, arose from her bankruptcy, or otherwise was related to it such that it would not have existed outside of the bankruptcy case. The Court finds no error in the Bankruptcy Court's determinations and conclusion that it did not have jurisdiction over the adversary proceeding and that it should be remanded to state court.

<u>Whether the Adversary Proceeding Falls Under the Public Rights Exception</u>

The public rights exception recognizes constitutional authority for non-Article III judges, such as bankruptcy judges, to fully adjudicate, that is, exercise jurisdiction over, some matters when the issue to be adjudicated arises/derives/depends on a regulatory scheme, such as the bankruptcy laws. In <u>Stern v. Marshall</u>, 131 S.Ct. 2594 (2011), the U.S. Supreme Court stated the following with regard to the public rights exception:

-Congress cannot "withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty." The Court also recognized that "[a]t the same time there are matters, involving public rights, which may be presented in such form that the judicial power is capable of acting on them, and which are susceptible of judicial determination, but which congress may or may not bring within the cognizance of the courts of the United States, as it may deem proper." 131 S.Ct. at 2612 (citations omitted).

-The Court has continued, however, to limit the [public rights] exception to cases in which the claim at issue derives from a federal regulatory scheme, or in which resolution of the claim by an expert government agency is deemed essential to a limited regulatory objective within the agency's authority. In other words, it is still the case that what makes a right "public" rather than private is that the right is integrally related to particular federal government action. Id. at 2613.

-"[i]f a statutory right is not closely intertwined with a federal regulatory program Congress has power to enact, and if that right neither belongs to nor exists against the Federal Government, then it must be adjudicated by an Article III court...." The claim is instead one under state common law between two private parties. It does not "depend [ ] on the will of congress," Congress has nothing to do with it. Id. at 2614 (citations omitted).

-What is plain here is that this case involves the most prototypical exercise of judicial power: the entry of a final, binding judgment *by a court* with broad substantive jurisdiction, on a common law cause of action, when the action neither derives from nor depends upon any agency regulatory regime. If such an exercise of judicial power may nonetheless be taken from the Article III Judiciary simply by deeming it part of some amorphous "public right," then Article III would be transformed from the guardian of individual liberty and separation of powers we have long recognized into mere wishful thinking. Id. at 2615.

The Supreme Court also noted that the public rights exception may arise if the claimed right to relief flows from a federal statutory scheme or is "completely dependent upon" adjudication of a claim created by federal law. Id. at 2614.

For the reasons discussed by the Bankruptcy Court and set forth above, the negligence/legal malpractice issue to be adjudicated in the adversary proceeding plainly does not derive from a federal regulatory scheme, require resolution by an expert

government authority, concern a statutory right closely intertwined with a federal regulatory program, derive from nor depend upon any agency regulatory regime, involve a right to relief flowing from a federal statutory scheme, or is completely dependent upon adjudication of a claim created by federal law. It is a state common law negligence/legal malpractice claim related to a purported agreement for representation in a state criminal matter. That the circumstantial background that gave rise to Appellee asking for legal assistance from Appellants occurred while they were representing her estate in a bankruptcy reorganization does not transform the nature of her claim into a bankruptcy matter such that the U.S. Constitution would recognize a non-Article III judge's authority to finally adjudicate it under the public rights exception discussed in Stern v. Marshall. The Court finds no error in the Order of the Bankruptcy Court with regard to this issue.

Whether the Bankruptcy Court's Order is an Abstention Not Subject to Further Review

Appellee contends that the Bankruptcy Court's Order is an abstention not subject to further review. With regard to abstention, 28 U.S.C. § 1334 (a)(1) *permits* a district court to abstain from hearing a particular proceeding arising under title 11, or arising in or related to a case under title 11, in the interest of justice or of comity with state courts or respect for state law. Upon timely motion of a party to a proceeding based upon a state law claim or cause of action related to a case under title 11, but not arising under title 11 or arising in a case under title 11, section (a)(2) *requires* a district court to abstain from hearing such proceeding if it can be timely adjudicated in an appropriate state forum. A district court's decision to abstain under either section is not subject to review by the court of appeals pursuant to 28 U.S.C. § 1334(d).

The Bankruptcy Court found that either discretionary or mandatory abstention from exercise of jurisdiction was appropriate under 28 U.S.C. §§ 157 and 1334(c)(1) or (2), because Appellee's negligence/legal malpractice claim arose under state law and although some defenses may have interconnection with bankruptcy proceedings, "it is not driven by bankruptcy law, it is driven by state court negligence claim of action [sic], stating a classical legal malpractice claim against the Debtor's former bankruptcy lawyers." Doc. 2-3 at 14-15.

Appellee acknowledges that the abstention statute states explicitly that it is a *district court's* decision to abstain from exercise of jurisdiction that is not subject to review by the *court of appeals*, but argues that because the Bankruptcy Court's decision to abstain was made pursuant to the Order of this Court referring Appellee's Complaint, its decision likewise should not be subject to review. Appellee has cited no case authority for that position, and the Court declines to find that the Bankruptcy Court's abstention decision made pursuant to this Court's referral is not subject to review by this Court absent some authority to so find.

## Whether the Bankruptcy Court Erred in Issuing a Final Order

The Order (Doc. 2-1 at 4-5) referring Appellee's Complaint (Doc. 1-3 at 13-14) to the Bankruptcy Court states:

> Pursuant to 28 U.S.C. § 157(b), bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a), and may enter appropriate orders and judgments subject to review under 28 U.S.C. § 158. Pursuant to 28 U.S.C. § 157(b)(3), the bankruptcy judge shall determine whether a proceeding is a core proceeding under section 157 or is a proceeding that is otherwise related to a case under title 11. In the event

11

that the bankruptcy judge determines that this case is not a core proceeding but is otherwise related to a case under title 11, pursuant to 28 U.S.C. § 157(c), the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

At oral argument, Appellee noted that although neither party had raised or briefed the issue previously, it could be argued that the Bankruptcy Court exceeded its authority in entering a final order remanding the adversary proceeding, as opposed to submitting proposed findings and conclusions to this Court. The Bankruptcy Court clearly found that the adversary proceeding was not a core proceeding, but also stated that its Order was based upon whether the adversary proceeding was related or not, so did not make a clear finding in that regard.

To the extent that the Bankruptcy Court could be said to have found that the adversary proceeding was otherwise related to the title 11 case, and therefore should have submitted proposed findings and conclusions to this Court with respect to matters addressed in its Order, the Court determines that it would serve no practical purpose to remand this case to the Bankruptcy Court only to require it to present its Order as a recommended ruling, and then to require Appellants and Appellee to present the arguments they have made on appeal in the form of objections. For the reasons stated herein, the Court finds no error in the findings and conclusions of the Bankruptcy Court and would adopt its Order as its own after de novo consideration of the record and submissions of the parties, as well as consideration of the oral argument, and in accordance with the Order of the Bankruptcy Court will direct that Appellee's Complaint be remanded to state court.

Upon consideration of the appeal, it is

**ORDERED AND ADJUDGED:**

That the Court adopts and affirms the Bankruptcy Court's oral ruling (Doc. 2-3) and Order Denying Defendants' [Appellants'] Motion to Dismiss and Treating Plaintiff's [Appellee's] Response to Motion to Dismiss as Motion to Abstain and to Remand (Doc. 1-5), and directs the Clerk of the Bankruptcy Court to remand Appellee Cheryl Lynn Trujillo's Complaint (Doc. 1-3 at 13-15) to the Circuit Court, Seventh Judicial Circuit, in and for Flagler County Florida, in accordance with the decision of the Bankruptcy Court.

**DONE AND ORDERED** this ___18th___ day of January 2013.

_____Howell W. Melton_____
**SENIOR UNITED STATES DISTRICT JUDGE**


Copies:
United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division
Counsel of Record